UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL NICOLE HARDIN<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP d/b/a SELENE FINANCE, a Delaware Limited Partnership.<br><br>Defendant. | CIVIL ACTION 3:15-cv-00146<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, Crystal Nicole Hardin ("Plaintiff"), by and through her attorneys, Law Offices of Mueller & Haller, L.L.C. and Sulaiman Law Group, Ltd., complaining of the Defendant, Selene Finance, LP d/b/a Selene Finance, a Delaware Limited Partnership ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action as a consumer to secure redress from unlawful credit and collection practices engaged in by Defendant. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/10a ("ICFA") and for violations of the Bankruptcy Discharge Order pursuant to 11 U.S.C. §524.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA, ICFA and Title 11 of the United States Code. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Southern District of Illinois and Defendant's collection communications and practices impacted Plaintiff within the Southern District of Illinois.

## PARTIES

4. Plaintiff is a natural person who resides in O'Fallon, Illinois.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a limited partnership with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX, 77042. Defendant's registered agent is CT Corporation Systems, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Defendant is a loan servicing company that specializes in servicing defaulted loans.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

10. On or about August 12, 2005, Plaintiff obtained a residential mortgage secured by real property located at 2001 13th Street, Granite City, Illinois 62040 from Taylor, Bean and Whitaker Mortgage Corporation ("subject debt"). The subject debt is a consumer debt pursuant to 15 U.S.C. §1692 a(5). *See* attached Exhibit A, a true and correct copy of the relevant Mortgage and Note.

11. At some point after August 12, 2005, but prior to June 30, 2014, the subject debt was transferred to Bank of America ("BOA").

12. On June 30, 2014, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 14-31108-LKG, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit B, a true and correct copy of the Notice of Bankruptcy.

13. BOA serviced the subject debt at that time.

14. Plaintiff listed BOA as a secured creditor on her bankruptcy Schedule D. *See* attached Exhibit C, a true and accurate copy of Schedule D filed with Plaintiff's Bankruptcy Petition.

15. Plaintiff disclosed on her Statement of Intention that she is surrendering the property located at 2001 13th Street, Granite City, Illinois 62040. *See* attached Exhibit D, a true and correct copy of Plaintiff's Statement of Intention file with the Bankruptcy Court.

16. By virtue of Plaintiff listing BOA as a creditor, the Bankruptcy Noticing Center ("BNC"), sent BOA a notice of the bankruptcy filing. *See* attached Exhibit E, a true and correct copy of the Certificate of Service executed by the BNC establishing service of the notice of bankruptcy filing upon BOA.

17. On July 18, 2014, BOA filed a Motion for Relief from the Automatic Stay, which was granted on August 4, 2014. *See* attached Exhibit F, a true and correct copy of the Order granting BOA relief from the Automatic Stay.

18. On October 27, 2014, Plaintiff was granted a discharge of all dischargeable debts, including the subject debt, pursuant to Section 727 and 524 of the Bankruptcy Code.

19. On October 30, 2014, the BNC served BOA with a copy of the Discharge Order entered in Plaintiff's bankruptcy case. *See* attached Exhibit G is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon BOA.

20. On or about November 6, 2014, BOA transferred the subject debt to Defendant. *See* attached Exhibit H, a true and correct copy of Defendant's Motion to Substitute filed in Madison County Foreclosure Court.

21. On October 31, 2014, Defendant sent a Dunning Letter to Plaintiff demanding payment currently due in the amount of $15,773.07 and a Principal Balance of $53,450.55. *See* attached Exhibit I, a true and correct copy of the October 31, 2014 Dunning Letter.

22. The Dunning Letter states:

"You are late on your mortgage payments.  Failure to bring your loan current may result in fees and foreclosure - the loss of your home.  Your loan has been past due since 2013-09-02.  As of 10/31/2014, your are 457 days delinquent of your mortgage loan. *Id.*

23. The Dunning Letter also states:

"if payment is received after 11/16/2014, a maximum of $27.56 lat fee may be charged. *Id.*

24. The statement included a detachable payment coupon with the instructions to detach and pay the amount of $15,773.07 by December 1, 2014. *Id.*

25. Furthermore, the statement stated:

"We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*
.

26. The second page of the Dunning letter includes Payment addresses, Payment information on the top two/thirds of the page.  In very small letters below the payment information is a Statement regarding Bankruptcy and Credit Reporting.  *Id.*

27. The Bankruptcy Language was very confusing to Plaintiff, an unsophisticated consumer, because the first page unequivocally demanded payment and included a payment stub and threatened penalties for non-payment. *Id.*

28. Defendant had knowledge of the discharged status of the subject debt at the time it sent the Dunning Letter to Plaintiff.

29. On December 16, 2014, Defendant sent another Dunning Letter to Plaintiff, demanding payment currently due in the amount of $17,270.91 and a Principal Balance of $53,450.55. *See* attached Exhibit J, a true and correct copy of the December 16, 2014 Dunning Letter.

30. The Dunning Letter states:

   "You are late on your mortgage payments.  Failure to bring your loan current may result in fees and foreclosure - the loss of your home.  Your loan has been past due since 2013-09-02.  As of December 16, 2014, your are 503 days delinquent of your mortgage loan. *Id.*

31. The Dunning Letter also states:

   "if payment is received after 1/16/2015, a maximum of $27.56 lat fee may be charged. *Id.*

32. The statement included a detachable payment coupon with the instructions to detach and pay the amount of $17,270.91 by January 1, 2015. *Id.*

33. Furthermore, the statement stated:

   "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*
.
34. The second page of the Dunning letter includes Payment addresses, Payment information on the top two/thirds of the page.  In very small letters below the payment information is a Statement regarding Bankruptcy and Credit Reporting.  *Id.*

35. The Bankruptcy Language was very confusing to Plaintiff, an unsophisticated consumer, because the first page unequivocally demanded payment and included a payment stub and threatened penalties for non-payment. *Id.*

36. Defendant had knowledge of the discharged status of the subject debt at the time it sent the Dunning Letter to Plaintiff.

37. After it acquired the servicing rights to the subject debt, and with actual knowledge of Plaintiff's Chapter 7 bankruptcy and her subsequent discharge thereafter, Defendant continued to send demands for payment on the subject debt.

38. Defendant, as a sophisticated debt collector, should have systems and procedures in place to identify accounts discharged in bankruptcy.

39. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy discharge.

40. Concerned about the violations of her rights and protections afforded by virtue of filing her Chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

41. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive collection actions.

42. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

43. Plaintiff suffered from emotional distress by Defendant's unlawful attempts to collect the discharged subject debt as she was led to believe her bankruptcy had no legal effect.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts.

46. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was discharged in Plaintiff's Chapter 7 bankruptcy.

47. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

48. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff's obligation to Defendant was discharged in bankruptcy, and thus they did not have a duty or obligation to make the payment demanded.

49. It was inherently unfair and deceptive for Defendant to attempt to collect the discharged subject debt from Plaintiff, an unsophisticated consumer.

50. It is also inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that she does not owe by threatening to report her non-payment to the credit bureaus and threatening late fees.

51. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, Defendant had no legal right to attempt to collect the subject debt from Plaintiff.

52. Furthermore, Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was extinguished by her bankruptcy discharge.

53. In doing so, Defendant has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

54. As pled above, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, Crystal Nicole Hardin, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

    c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

    e. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

55. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

56. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

57. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

58. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

59. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

60. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, represents the use of deception, fraud and

false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

61. It is inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that she does not owe by threatening to report non-payment to the credit bureaus.

62. Defendant had actual knowledge of Plaintiff's bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

63. Defendant intended that Plaintiff rely on its misrepresentations in its efforts to induce Plaintiff into paying a debt that she no longer owed and a debt that cannot be legally enforced.

64. ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

65. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

66. As pled above, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

67. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, Crystal Nicole Hardin, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

   c. awarding the Plaintiff costs and reasonable attorney fees;

    d.  awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 10, 2015                    Respectfully Submitted,

/s/ James J. Haller
James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188